UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| EDNA BRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   4:17-CV-47-TAV-SKL |
| | ) | |
| LIBERTY MUTUAL and | ) | |
| VERONDA M. RUBRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Before the Court is defendant Liberty Mutual ("Liberty")'s Motion to Dismiss

Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Doc.

9]. Liberty moves the Court to dismiss plaintiff's complaint [Doc. 1] under Federal Rule of

Civil Procedure 12(b)(6). Plaintiff, who has proceeded in this matter *pro se*, has failed to

timely respond to Liberty's motion. *See* E.D. Tenn. L.R. 7.1(a). Under this Court's Local

Rules, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief

sought." E.D. Tenn. L.R. 7.2. Nevertheless,[1] the Court has carefully considered the matter

and, for the reasons explained below, will dismiss plaintiff's complaint.

I.      **Background[2]**

This case concerns a dispute over plaintiff's access to prescribed medications following

an emergency room visit. Plaintiff's *pro se* complaint is, respectfully, difficult for the Court

---

[1] *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (holding that a court may err by dismissing a *pro se* plaintiff's case basely solely on her failure to respond to a dispositive motion).

[2] For purposes of this opinion, the Court accepts all factual allegations in plaintiff's complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

to comprehend. As the Court reads the complaint, plaintiff alleges that she is a heart patient who underwent a complete left elbow replacement in 2003 [Doc. 1 p. 2]. Then, on August 30, 2017, plaintiff visited the emergency room for problems with her elbow and was prescribed two medications by attending doctor Chris Smith [*Id.*]. Plaintiff delivered these prescriptions to a Walgreens store that evening to be filled [*Id.*]. The next day, plaintiff called to see if her medications were ready, but was told that her insurance adjuster's approval was required [*Id.*]. Plaintiff thus called defendant Veronda RuBright, an adjuster for defendant Liberty, who informed plaintiff she needed the hospital treatment records to proceed [*Id.*]. Plaintiff then had the hospital fax those records to RuBright, but despite calling back six times that day, plaintiff was not able to reach RuBright to complete the approval process [*Id.*].

On September 1, plaintiff called the hospital again and was told that RuBright had not sent a release form to permit the hospital to fax the records [*Id.*]. Plaintiff then called RuBright to have her to send the form, which she did later that day [*Id.* at 2–3]. Plaintiff next called Walgreens to see if her medications were available, but she was again told that RuBright had not called to give Liberty's approval [*Id.* at 3]. Plaintiff then called RuBright three times, followed by twenty-four calls to Liberty's main office, without success [*Id.*]. Finally, on September 5, Walgreens personnel called plaintiff to tell her that, according to RuBright, Dr. Smith was not approved to prescribe medicine for plaintiff; thus, Liberty would not approve payment [*Id.*]. Ultimately, plaintiff asserts that she went six days without necessary medication for her elbow as a result of Liberty's conduct [*Id.*].

On September 7, plaintiff filed this action in the United States District Court for the Middle District of Tennessee, seeking $1.5 million from Liberty and RuBright for the conduct

described above [*Id.* at 4]. Plaintiff asserts that she had an "'open medical' contract" with Liberty as of July 10, 1998, and that defendants breached this contract through their "inhuman and negligent treatment" of her [*Id.* at 3]. Plaintiff has also attached to her complaint a judgment entered by the Circuit Court for Lincoln County, Tennessee, on July 7, 1998 [*Id.* at 7–9]. This judgment appears to be the product of a worker's compensation case brought by plaintiff concerning an occupational elbow injury she incurred on January 4, 1994 [*Id.* at 8]. Among other relief, the court ordered plaintiff's employer and Liberty to pay "all future, authorized, reasonable, and necessary medical expenses incurred by [p]laintiff . . . as required by the Worker's Compensation Law of the State of Tennessee" [*Id.*]. The Court assumes this is the "contract" to which plaintiff refers in her complaint.

On September 11, United States District Judge Aleta A. Trauger entered an order granting plaintiff leave to proceed *in forma pauperis* [Doc. 3 p. 1]. However, in that same order, Judge Trauger conducted a cursory review of plaintiff's complaint—as required by 28 U.S.C. § 1915(e)(2)—and concluded that plaintiff had filed her action in the wrong venue [*Id.*]. Judge Trauger found that, under 28 U.S.C. § 1391(b)(2)–(3), venue would instead be proper in the Eastern District of Tennessee [*Id.* at 2]. Therefore, Judge Trauger transferred the action to this Court under 28 U.S.C. § 1406(a) [*Id.*; Doc. 4]. On October 24, defendant Liberty filed the instant motion to dismiss [Doc. 9], as well as a memorandum in support [Doc. 10]. Defendant RuBright has yet to appear in this action, and the record does not indicate that she has been served with process. Under Local Rule 7.1(a), plaintiff had twenty-one days in which to respond to Liberty's dispositive motion. Plaintiff has not done so, nor has she taken any other action in this case since filing her complaint.

## II. Standard of Review

Rule 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Thus, a complaint filed in federal court need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* "[A] formulaic recitation of the elements of a cause of action will not do"; nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation"; nor will "'naked assertion[s]' devoid of 'further actual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (second alteration in original) (quoting *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires [the Court] to draw on its judicial experience and common sense." *Id.* at 679. In conducting this inquiry, the Court "must construe the complaint in a light most favorable to plaintiff[], accept all well-pled factual allegations as true, and determine whether plaintiff[] undoubtedly can prove no set of facts in support of those

allegations that would entitle [her] to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)).

Finally, given plaintiff's *pro se* status, the Court notes that federal courts have a duty to "liberally construe the briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001). At the same time, however, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As such, courts have not typically "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. Analysis

The Court will first address defendant Liberty's motion to dismiss [Doc. 9]. The Court will then turn to the question whether it should also dismiss plaintiff's claims against defendant RuBright, who has not appeared before this Court. As explained further below, the Court will dismiss all claims against both defendants without prejudice.

### A. Defendant Liberty's Motion to Dismiss

First, Liberty argues that plaintiff's complaint fails to state a claim upon which the Court could grant relief, and is thus subject to dismissal under Rule 12(b)(6). Liberty asserts that plaintiff's complaint fails to give it fair notice of the conduct of which she complains or the causes of action she seeks to assert. Liberty notes that plaintiff has failed to plead, or even refer to, the elements of any cause of action. Liberty argues that merely referencing "inhuman treatment," "negligence," and "breach of contract" in a conclusory fashion is insufficient. Finally, Liberty argues that even if the Court were to find that the complaint states a claim, any

recovery on such a claim would be barred by the exclusivity provisions of Tennessee worker's

compensation law. *See* Tenn. Code Ann. § 50-6-108(a).

After careful consideration of Liberty's arguments and the record in this case, the Court

finds that plaintiff's complaint fails to satisfy the Rule 8(a) pleading standard.[3]  A charitable

reading of the complaint reveals only three potential claims plaintiff may be seeking to assert:

inhuman treatment, negligence, and breach of contract.  First, "inhuman treatment" is not a

cause of action under federal or state law as far as the Court is aware, at least outside the

context of divorce actions, *e.g.*, *Thomasson v. Thomasson*, 755 S.W.2d 779, 786 (Tenn. 1988),

or the treatment of prisoners and detainees, *e.g.*, *Almuhtaseb v. Gonzales*, 453 F.3d 743, 751

(6th Cir. 2006).  Second, while negligence is a real cause of action, plaintiff has failed to plead

any of the elements of a negligence claim under Tennessee law.  For example, her complaint

does not allege that Liberty owed her any duty of care, does not clearly indicate how Liberty

(as distinct from RuBright) violated that duty, and does not suggest that plaintiff suffered any

actual injury proximately caused by Liberty's conduct.  *Giggers v. Memphis Hous. Auth.*, 277

S.W.3d 359, 364 (Tenn. 2009).  Therefore, plaintiff has failed to meet the minimum threshold

for pleading a negligence claim under state law.  *See Scheid v. Fanny Farmer Candy Shops,*

*Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (noting that a "complaint must contain either direct or

inferential allegations respecting all the material elements to sustain a recovery under some

viable legal theory" (emphasis omitted) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745

F.2d 1101, 1106 (7th Cir. 1984))).

---

[3] Given this holding, the Court need not reach the question whether plaintiff's claims are barred by the exclusivity provisions of Tennessee worker's compensation law.

Third, plaintiff has likewise failed to plead a breach of contract claim. "In a breach of contract action, claimants must prove the existence of a valid and enforceable contract, a deficiency in the performance amounting to a breach, and damages caused by the breach." *Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011). Here, the complaint never asserts the existence of a contract between herself and defendants and, once more, fails to allege any damages she sustained. As noted above, the Court believes that the judgment entered by the Lincoln County Circuit Court is the "contract" to which plaintiff refers. But a judgment entered by a court following a bench trial is not a contract, most obviously because it is not a consensual agreement among the parties it binds. Moreover, to the extent plaintiff may be seeking to enforce her judgment through some other cause of action, she has failed to allege this Court's authority to grant such relief. Federal courts generally lack authority to enforce state-court judgments. *See Dearborn St. Bldg. Assocs. LLC v. D&T Land Holdings, LLC*, No. 1:07-cv-1056, 2008 WL 2397660, at *2 (W.D. Mich. June 9, 2008). Likewise, this Court lacks authority to hear a contempt proceeding arising out of a judgment entered by a state court. *See Bedel v. Thompson*, 956 F.2d 1164, 1992 WL 44883, at *4 (6th Cir. Mar. 4, 1992) (table opinion) ("Enforcement of [an order] through a contempt proceeding must occur in the issuing jurisdiction because contempt is an affront to the court issuing the order."). Therefore, plaintiff has failed to plead a claim related to this judgment.

In sum, the Court finds that plaintiff has failed to plead any viable cause of action in compliance with the Rule 8(a) pleading standard. Even construed liberally in light of plaintiff's *pro se* status, *Bouyer*, 22 F. App'x at 612, the complaint fails to provide Liberty "fair notice of what [any] . . . claim is and the grounds upon which it rests," *Twombly*, 550

U.S. at 555 (quoting *Conley*, 355 U.S. at 47). "[F]ederal pleading standards do not permit *pro se* litigants to proceed on pleadings that are not readily comprehensible." *Mitchell v. Tennova Healthcare*, No. 3:13-cv-364, 2014 WL 1154233, at *3 (E.D. Tenn. Mar. 21, 2014); *accord Duckett v. Tennessee*, No. 3:10-67, 2010 WL 3732192, at *3 (M.D. Tenn. Sept. 20, 2010) (noting that, "[a]lthough *pro se* complaints are to be construed liberally, that liberality does not allow the [c]ourt to conjure up unpled facts" (citation omitted)). Thus, the Court will grant Liberty's Rule 12(b)(6) motion to dismiss the claims against it.

**B.     Defendant RuBright's Status**

Second, the Court must decide whether plaintiff's claims against defendant RuBright should also be dismissed. RuBright has yet to appear in this action, and it is unclear whether she has ever been served with process. As such, RuBright herself has not moved for dismissal under Rule 12(b)(6). Nonetheless, federal law provides that, where a court has granted a plaintiff leave to bring a case *in forma pauperis*:

> the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Here, plaintiff is proceeding *in forma pauperis* [Doc. 3], and the Court has already determined that her complaint fails to state a viable cause of action against Liberty. This reasoning applies equally to any claims against RuBright. Thus, § 1915(e)(2) mandates that the Court "shall dismiss the case" as against both defendants.

The Court notes that defendants request that plaintiff's complaint be dismissed with prejudice. Although plaintiff has not sought leave to amend her complaint, in light of her *pro se* status and the fact that dismissal here is based on pleading deficiencies alone, the Court will

8

decline to issue an order reaching the merits of plaintiff's allegations. *See Mate v. Fields*, No. 16-2730, 2017 WL 6398028, at *2 (6th Cir. June 20, 2017) (affirming a district court's discretionary decision to dismiss a *pro se* plaintiff's complaint under § 1915(e)(2) without prejudice). Instead, the Court will dismiss all of plaintiff's claims against both defendants without prejudice.

## IV. Conclusion

Accordingly, in a separate order filed contemporaneously with this memorandum opinion, the Court will **GRANT** defendant Liberty's motion to dismiss under Rule 12(b)(6) [Doc. 9], will **DISMISS WITHOUT PREJUDICE** plaintiff's complaint [Doc. 1], and will **DIRECT** the Clerk of Court to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE