# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: November 08, 2018

Ms. Edna Bright
1216 McDonald Street
Fayetteville, TN 37334

Mr. Brian Christian Neal
Burr & Forman
222 Second Avenue, S.
Suite 2000
Nashville, TN 37201

Re:  Case No. 18-5420, *Edna Bright v. Liberty Mutual, et al*
     Originating Case No. : 4:17-cv-00047

Dear Sir or Madam,

   The Court issued the enclosed (Order/Opinion) today in this case.

                            Sincerely yours,

                            s/Bryant L. Crutcher
                            Case Manager
                            Direct Dial No. 513-564-7013

cc:  Mr. John L. Medearis

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 18-5420

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 08, 2018
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| EDNA BRIGHT, | ) |
| | ) |
|    Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| LIBERTY MUTUAL; VERONDA M. | ) THE EASTERN DISTRICT OF |
| RUBRIGHT, | ) TENNESSEE |
| | ) |
|    Defendants-Appellees. | ) |
| | ) |

<u>O R D E R</u>

Before: GRIFFIN and KETHLEDGE, Circuit Judges; HOOD, District Judge.[*]

Edna Bright, a pro se Tennessee resident, appeals from the district court's order dismissing her complaint against an insurance company, Liberty Mutual, and one of its employees, Veronda M. RuBright. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Attached to Bright's complaint was a 1998 judgment from a Tennessee Circuit court ordering Liberty Mutual to pay, among other things, Bright's "future, authorized, reasonable, and necessary medical expenses as provided by [Tennessee Code Annotated] § 50-6-204." Bright claimed that when RuBright, as a representative for Liberty Mutual, refused to authorize payment for a drug that an emergency room physician, Chris Smith, ordered, the defendants

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

breached a contract that arose from the state court's order. She also claimed that because of the defendants' negligence and breach of a contract to provide her with the medication, she suffered "inhumane treatment."

Liberty Mutual moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the district court granted the motion. The court noted that even though RuBright had not received proper service, it could dismiss the complaint against RuBright under 28 U.S.C. § 1915(e)(2). The court dismissed the case without prejudice to give Bright an opportunity to refile and remedy the deficiencies. On appeal, Bright raises only the issue of whether the defendants breached a contract to provide her medical expenses pursuant to the state court's order to do so in compliance with the state's workers' compensation law.

Although pro se filings should be liberally construed, "pro se parties must still brief the issues advanced and reasonably comply" with the briefing standards set forth in Federal Rule of Appellate Procedure 28. *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see also* Fed. R. App. P. 28(a)(9). Because Bright challenges only the contract claim and has failed to mention her claims of negligence or inhumane treatment except in passing in her reply brief, she has waived review of these two other claims. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012); *see also Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005).

This court reviews de novo the district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Bright's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, this court need not assume that all of her legal conclusions, or legal conclusions that appear to be stated as facts, are true as well. *See Iqbal*, 556 U.S. at 678.

This court also reviews de novo a district court's sua sponte dismissal under § 1915(e)(2), using the same standard applicable to Rule 12(b)(6) dismissals. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). This statute requires a district court to screen and dismiss complaints that are frivolous or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

In Tennessee, one essential element to support a breach-of-contract action is the existence of a valid and enforceable contract. *See Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011). In this case, Bright relies only on the state court's order for her employer to pay her medical expenses as a result of her successful workers' compensation claim, which is not a contract between Bright and either defendant. She also relies on Tennessee Code Annotated § 50-6-204, which refers only to employers' obligations to their employees under Tennessee's Workers' Compensation statute. As the district court recognized, it could not enforce the state court's order, either under a breach-of-contract theory or as a request for an injunction, because Bright's remedy was either through the state workers' compensation structure, *see Scott v. AMEC Kamtech, Inc.*, 412 F. App'x 818, 820–21 (6th Cir. 2011), or by filing an action for contempt with the court who issued the order. *See Bedel v. Thompson*, No. 91-3448, 956 F.2d 1164, 1992 WL 44883, at *4 (6th Cir. 1992) (table). As a result, Bright failed to state a claim against Liberty Mutual pursuant to Rule 12(b)(6), and her claim against RuBright was subject to dismissal under § 1915(e)(2).

Accordingly, we **AFFIRM** the district court's orders granting Liberty Mutual's motion to dismiss and sua sponte dismissing Bright's claims against RuBright under § 1915(e)(2) without prejudice.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk